

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:                                                          :

LEHMAN BROTHERS SECURITIES AND                                  :
ERISA LITIGATION                                                :        09 MD 2017 (LAK)

This Document Applies Only to:                                  :

                                                                :        ECF CASE
*Vallejo Sanitation and Flood Control District v. Fuld, et al.,* :
09 Civ. 06040 (LAK);                                            :

*Mary A. Zeeb, Monterey County Treasurer, on Behalf of the*      :
*Monterey County Investment Pool v. Fuld, et al.,*               :
09 Civ. 01944 (LAK);                                            :

*Contra Costa Water District v. Fuld, et al.,*                   :
09 Civ. 06652 (LAK);                                            :

*City of Burbank v. Fuld, et al.,* 09 Civ. 03475 (LAK);          :

*City of San Buenaventura v. Fuld, et al.,* 09 Civ. 03476 (LAK); :

*City of Auburn v. Fuld, et al.,* 09 Civ. 03474 (LAK);           :

*The San Mateo County Investment Pool v. Fuld, et al.,*          :
09 Civ. 01239 (LAK); and                                        :

*Zenith Insurance Company v. Fuld, et al.,* 09 Civ. 01238 (LAK)  :

                                                                :
------------------------------------------------------------------X

## [PROPOSED] BAR AND JUDGMENT REDUCTION ORDER

WHEREAS, Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County

Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District,

City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment

Pool, and Zenith Insurance Company (collectively "Plaintiffs"), and Defendant Joseph M.

Gregory ("Gregory") have entered into a Settlement Agreement and Mutual Release in order to

fully, finally, and forever resolve, discharge, and settle the Plaintiffs' Released Claims to avoid

further litigation ("Settlement Agreement");

WHEREAS, all capitalized terms used herein, and not otherwise defined herein, shall

have the same meanings set forth in the Settlement Agreement, which is attached as Exhibit A;

WHEREAS, the Settlement Agreement was expressly conditioned upon the entry by this

Court of a Final Bar Order in substantially the form articulated below;

WHEREAS, pursuant to the terms of the Settlement Agreement, Defendants Richard S.

Fuld, Jr., Kathleen Fuld, Christopher M. O'Meara, Erin M. Callan, Ian Lowitt, John F. Akers,

Roger S. Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman, filed a

separate [Proposed] Bar and Judgment Reduction Order and the necessary accompanying papers

on November 11, 2013;

IT IS HEREBY ORDERED THAT:

1.      Gregory and the other Releasees are discharged from all claims for contribution and

all claims for indemnification, however styled, by any person or entity, whether arising under

state, federal or common law, based upon, arising from, relating to, or in connection with the

Plaintiffs' Released Claims released in the Settlement Agreement (together, "Contribution

Claims").  Accordingly, to the fullest extent provided by law, the Court bars, enjoins, and

restrains any and all Contribution Claims (a) against Gregory and the other Releasees, or (b)

against Ernst & Young by Gregory and the other Releasees, their insurers, subrogees, or assigns,

or anyone acting on behalf of Gregory, the other Releasees, their insurers, subrogees, or assigns.

2.      In the event Plaintiffs, or any of them, seek to recover damages or any other form

of monetary relief ("Damages") from any person or entity based upon, arising from, relating to,

or in connection with the Plaintiffs' Released Claims released in the Settlement Agreement, any

verdict or judgment in such action in favor of Plaintiffs, or any of them, shall be reduced by the greater of: (a) the amount of recovery obtained by the Plaintiff(s) in connection with the Settlement Agreement; or (b) the amount of any and all of Gregory's percentage share of responsibility for the Damages.

IT IS SO ORDERED.

Date: 1/8/14

Hon. Lewis A. Kaplan
United States District Judge

3

9221240

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X

In re:                                                          :

LEHMAN BROTHERS SECURITIES AND                                  :
ERISA LITIGATION                                                :    09 MD 2017 (LAK)

This Document Applies Only to:                                  :

                                                               :

*Vallejo Sanitation and Flood Control District v. Fuld, et al.,*  :
09 Civ. 06040 (LAK);                                           :

                                                               :

*Mary A. Zeeb, Monterey County Treasurer, on Behalf of the*     :
*Monterey County Investment Pool v. Fuld, et al.,*             :
09 Civ. 01944 (LAK);                                           :

                                                               :

*Contra Costa Water District v. Fuld, et al.,*                 :
09 Civ. 06652 (LAK);                                           :

                                                               :

*City of Burbank v. Fuld, et al.*, 09 Civ. 03475 (LAK);        :

                                                               :

*City of San Buenaventura v. Fuld, et al.*, 09 Civ. 03476 (LAK);  :

                                                               :

*City of Auburn v. Fuld, et al.*, 09 Civ. 03474 (LAK);         :

                                                               :

*The San Mateo County Investment Pool v. Fuld, et al.,*        :
09 Civ. 01239 (LAK); and                                       :

                                                               :

*Zenith Insurance Company v. Fuld, et al.*, 09 Civ. 01238 (LAK)  :

                                                               :

------------------------------------------------------------------------ X

### SETTLEMENT AGREEMENT AND MUTUAL RELEASE

    This SETTLEMENT AGREEMENT AND MUTUAL RELEASE, including the releases incorporated herein ("Settlement Agreement" or "Agreement"), is entered into as of the 30th day of September, 2013, between and among:

    a.    Vallejo Sanitation & Flood Control District, the Monterey County Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District, City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment Pool, and Zenith Insurance Company, on behalf of themselves and, to the extent under their control, their current and former administrators, affiliates, subsidiaries, predecessors, heirs, successors, assignors, assigns, agents (including but not limited to any investment managers or advisors acting in their capacity as such), funds, beneficiaries, plans, plan members, officials, boards and board members,

committees, directors, officers, executives, trustees, divisions, offices, employees, staff, clients, members, employers, investors, representatives, and other governmental entities acting on their behalf and under their control (collectively, "Plaintiffs"); and

b.     Defendants Richard S. Fuld, Jr., Kathleen Fuld, Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian Lowitt, John F. Akers, Roger S. Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman (collectively, "Settling Defendants").

The Settling Defendants (with the exception of Ms. Fuld) collectively comprise all officer and director defendants in the Actions (as defined below).  Plaintiffs and Settling Defendants shall collectively be referred to in this Settlement Agreement as the "Settling Parties."  This Settlement Agreement is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle all claims that were or could have been brought by Plaintiffs against the Settling Defendants, as well as the other Releasees (as defined below), to avoid further litigation and to fully, finally, and forever resolve, discharge and settle all claims that were or could have been brought by Plaintiffs against, *inter alia*, the Settling Defendants and against Lehman in the Actions except as otherwise provided below, as well as any claims pending against the Settling Defendants and against Lehman in the District Court or the Bankruptcy Court except as otherwise provided below.

I.     **DEFINITIONS**

A.     As used in this Settlement Agreement, the following capitalized terms have the meanings specified below.

1.     "Actions" means the following actions currently pending in the District Court captioned:

- *Vallejo Sanitation and Flood Control District v. Fuld, et al.*, Case no. 09 Civ. 06040 (LAK);
- *Mary A. Zeeb, Monterey County Treasurer, on Behalf of the Monterey County Investment Pool v. Fuld, et al.*, Case no. 09 Civ. 01944 (LAK);
- *Contra Costa Water District v. Fuld, et al.*, Case no. 09 Civ. 06652 (LAK);
- *City of Burbank v. Fuld, et al.*, Case no. 09 Civ. 03475 (LAK);
- *City of San Buenaventura v. Fuld, et al.*, Case no. 09 Civ. 03476 (LAK);
- *City of Auburn v. Fuld, et al.*, Case no. 09 Civ. 03474 (LAK);
- *The San Mateo County Investment Pool v. Fuld, et al.*, Case no. 09 Civ. 01239 (LAK); and
- *Zenith Insurance Company v. Fuld, et al.*, Case no. 09 Civ. 01238 (LAK).

2.     "Bankruptcy Court" means the United States Bankruptcy Court for the Southern District of New York.

2

3.  "Lehman Bankruptcy Case" means the voluntary cases commenced in the Bankruptcy Court by LBHI and certain of its subsidiaries under chapter 11 of title 11 of the United States Code, Case No. 08-13555 (JMP), *et seq.*

4.  "Claims" means any and all claims, demands, rights, liabilities, damages, penalties, costs, losses, indemnities, duties, obligations, rights, causes of action, or suits of any nature (including claims for costs, attorneys' fees or expenses), whether known or unknown, concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, whether actually asserted or that might have been asserted, whether legal, equitable, contractual, statutory, or any other type, under the federal or state securities laws or under any federal, state, local, statutory or common law or any other law, rule or regulation, including the law of any jurisdiction outside of the United States.

5.  "District Court" means the United States District Court for the Southern District of New York.

6.  "Effective Date" means the date on which the Settlement becomes effective for each respective Settling Defendant(s) as provided in section II(A)(5) below.

7.  "Final" means that with respect to the Bar Order such Order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, the Bar Order becomes "Final" when (i) no appeal has been filed and the time for commencing any appeal has expired; or (ii) an appeal has been filed and either the appeal has been dismissed and the time, if any, for commencing further appeal has expired, or the order has been affirmed in its entirety and the time, if any, for commencing any further appeal has expired. For purposes of this definition, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari, mandamus, or prohibition, and any other proceedings of like kind.

8.  "Lehman" means Lehman Brothers Holdings Inc. ("LBHI"), Lehman Brothers Inc., and any and all of their affiliates and subsidiaries.

9.  "Releasees" means, in any capacity:

    (a)  Settling Defendants who have paid their full allocation of the Settlement Amount pursuant to the Side Letter;

    (b)  Settling Defendants' past, present, and future attorneys, accountants (except Ernst & Young LLP), agents, insurers, spouses, children, heirs, successors, assigns, trusts, corporations, companies, partnerships, affiliates, or any entity in which they have a controlling interest; and

    (c)  All of the past, present and future employees, officers, directors of Lehman and their attorneys, accountants (except Ernst & Young LLP), agents, insurers, spouses, children, heirs, successors, assigns, trusts, corporations, companies, partnerships, affiliates, or any entity in which they have a controlling interest.

3

10. "Settlement" means the settlement of the Actions, as embodied in this Settlement Agreement.

11. "Settlement Amount" means $9,750,000.

## II.   TERMS OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Settling Parties that, subject to the conditions below, all claims in the Actions shall be finally and fully compromised, settled and released, and the Actions shall be dismissed with prejudice, as follows:

A.   **Payment and Dismissal of the Actions; Bar Order Approval**

1. On or before October 1, 2013, various of the Settling Defendants shall cause to be deposited at least $6,525,000 into an interest bearing escrow account (the "Fund") under the joint control of counsel for the Settling Defendants, on the one hand, and counsel for Plaintiffs on the other, with the escrow agent and escrow instructions to be mutually agreed to by counsel for the Settling Defendants and counsel for Plaintiffs and if not agreed by then, to be decided by the mediator. On or before October 15, 2013, one of the Settling Defendants shall cause to be deposited $541,666.66 into the Fund.  On or before October 31, 2013, various of the the Settling Defendants shall cause to be deposited at least $1,600,000 into the Fund, and no more than one Settling Defendant shall have any unpaid balance on the Settlement Amount based on the allocation in the Side Letter.  If the remaining Settling Defendant has any unpaid balance on the Settlement Amount after October 31, 2013, the Settling Defendant responsible for his unpaid balance shall cause his entire remaining unpaid balance to be paid no later than November 30, 2013.  In the event any portion of the amount due by a specified deadline is unpaid, the Settling Defendants shall disclose to Plaintiffs the identity of the Settling Defendant(s) responsible for the outstanding amount and the amount still owed by such Settling Defendant(s).  Counsel for the Settling Defendants shall maintain joint control with Plaintiffs' counsel over the Fund.  In the event, as set forth in Section II(A)(5), there is one Effective Date based on the filing of the motion for Bar Order (as defined below), Plaintiffs' counsel shall obtain sole control over the Fund five (5) days after the Effective Date. In the event there is more than one Effective Date based on the filing of the motions for a Bar Order (as defined below), Plaintiffs' counsel shall obtain sole control of $7,583,333.34 deposited into the Fund five (5) days after the first Effective Date and shall obtain sole control of the remaining balance in the Fund (including any and all interest earned on the Fund) five (5) days after the second Effective Date.

2. Plaintiffs acknowledge that they are responsible for the payment of any applicable taxes related to their receipt of the Settlement Amount or any amount otherwise received from the Fund.

3. Within two (2) business days of the execution of this Agreement, the Settling Parties shall jointly notify the District Court of the Settlement Agreement and request that the Actions be suspended against the Settling Defendants.

4

4.   It is a condition of the Settlement that, in the event the Settling Defendants make timely and full payments, the Settling Parties shall obtain entry by the District Court of an appropriate bar order (substantially in the form of the Bar and Judgment Reduction Order entered in *City of South San Francisco v. Citigroup Global Markets, Inc. et al.*, No. 09-cv-01946 (S.D.N.Y.) at docket number 813 in 09-MD-2017), barring claims for contribution or indemnification against any Settling Defendant or the other Releasees, however styled, based upon, arising from, relating to, or in connection with the Plaintiffs' Released Claims (as defined below) (the "Bar Order"). Within ten (10) business days of October 31, 2013, the Settling Defendants who made full payment of their allocation of the Settlement Amount by October 31, 2013, shall move the District Court for such Bar Order as to themselves. In the event any remaining Settling Defendant makes full payment after October 31, 2013, that Settling Defendant shall move the District Court within ten (10) business days of such payment for a Bar Order. The Settling Parties shall take all reasonable steps to accomplish this result.

5.   The Effective Date of this Settlement, as it pertains to each of the Settling Defendants, shall be the date when the Bar Order has been entered by the District Court and has become Final with respect to the moving Settling Defendant(s).

6.   Except as otherwise provided herein, in the event the Settlement is terminated or the Effective Date does not occur for any reason other than for non-payment of the Settlement Amount, then the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of the date and time immediately before the execution of this Settlement Agreement and the Fund paid by the Settling Defendants, together with any interest earned thereon, less any taxes actually paid, due or incurred with respect to such income, shall be returned to the Settling Defendants within ten (10) business days of a Final order rejecting the Bar Order. In the event of non-payment of the Settlement Amount, or any portion thereof, Plaintiffs' sole remedy shall be the right to seek payment from the defaulting Settling Defendant(s), if any, along with any accrued interest, and the reasonable costs and attorneys' fees incurred in enforcing this Agreement.

7.   Within five (5) business days of the Effective Date(s), Plaintiffs shall dismiss with prejudice pursuant to Federal Rule of Civil Procedure 41 all claims against all Settling Defendants who paid their full allocated share of the Settlement Amount in the Actions, and Plaintiffs shall be forever barred and enjoined from asserting, prosecuting, or continuing the prosecution of the Plaintiffs' Released Claims (as defined below). If the District Court issues a conditional order (or another order with the same effect) in connection with the notice provided in section II(A)(3) above, Plaintiffs need not take the action described in this paragraph.

B.   **Mutual Releases**

1.   Upon the Effective Date(s), Plaintiffs hereby release and forever discharge the Releasees, and each of them individually, of and from any and all claims, suits, actions, causes of action, damages (including without limitation compensatory, punitive or exemplary damages, and

5

disgorgement), demands, rights, debts, penalties, costs, expenses, attorneys' fees, prejudgment interest, indemnities, duties, liabilities, losses, duties, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiffs, whether legal, contractual, statutory, or equitable in nature, that, *inter alia*, are based upon, arise from, or relate to (a) Lehman, (b) Plaintiffs' investments in Lehman securities, (c) the subject matter of the Actions or (d) the facts alleged in any complaint filed in the Actions (the "Plaintiffs' Released Claims").

2.  Upon the Effective Date(s), Settling Defendants shall be deemed to have, and shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs, and all of their past and present officers, employees, agents, attorneys, and representatives, from any and all Claims based upon or arising out of the institution, prosecution, assertion, settlement or resolution of the Actions, or otherwise related to or arising from any of the Claims asserted or facts alleged in the Actions, or the subject matter thereof.

3.  Plaintiffs warrant and represent that they are unaware of any Claims that they have against Settling Defendants or Lehman other than those they brought in the Actions or in the Lehman Bankruptcy Case.

4.  Subject to the specific exemption and limitation set forth below, upon the Effective Date(s), Plaintiffs hereby release and forever discharge Lehman of and any and all claims, suits, actions, causes of action, damages (including without limitation compensatory, punitive or exemplary damages), demands, rights, debts, penalties, costs, expenses, attorneys' fees, prejudgment interest, indemnities, duties, liabilities, losses, duties, or obligations of every nature and description whatsoever, known or unknown, whether or not concealed or hidden, fixed or contingent, direct or indirect, anticipated or unanticipated, asserted or that could have been asserted by Plaintiffs, whether legal, contractual, statutory, or equitable in nature, that, *inter alia*, are based upon, arise from, or relate to (a) Lehman, (b) Plaintiffs' investments in Lehman securities, (c) the subject matter of the Actions or (d) the facts alleged in any complaint filed in any of the Actions. Notwithstanding the foregoing, this Settlement Agreement and/or release is not intended to cover, apply to, prejudice or in any way limit Plaintiffs' rights or abilities to pursue or recover on proofs of claims filed in the Lehman Bankruptcy Case.

C.  **Waiver of Unknown Claims**

1.  The Settling Parties expressly acknowledge that they may hereafter discover facts in addition to or different from those that any of them or their counsel now knows or believes to be true with respect to the subject matter of the Claims released in sections II(B)(1), II(B)(2), and II(B)(4) or otherwise. However, upon the Effective Date(s), the Settling Parties each shall have expressly, fully, finally, and forever settled and released any and all Claims as set forth in sections II(B)(1), II(B)(2), and II(B)(4), whether known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law, or rule,

6

without regard to the subsequent discovery or existence of such different or additional facts. The Settling Parties acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

D.  **Use of Agreement**

1.  Neither the existence of this Settlement Agreement nor any of its provisions shall, absent written agreement of Settling Parties, be offered into evidence by the Settling Parties in any action, arbitration, or proceeding for any purpose whatsoever other than (i) in connection with an action, motion, or proceeding by one or more of the Settling Parties to enforce the terms of this Settlement Agreement or (ii) to the District Court (or any subsequent appellate court) in connection with the Bar Order(s) or an order dismissing the Actions.

E.  **Press Release**

1.  The Settling Parties intend to issue a joint press release regarding the Action and Settlement Agreement. No such press release shall be issued prior to notification of the District Court as described in section II(A)(3) above.

2.  When such press release is issued, it will be as set forth in the form attached hereto as Exhibit A. Any comments made to the press by Plaintiffs' counsel and Settling Defendants' counsel in the Actions concerning the Settling Defendants shall be limited to the content of the press release and/or the terms of the Agreement.

F.  **Miscellaneous Provisions**

1.  Settling Defendants and Lehman deny all charges of wrongdoing, violation of law, or liability against them arising out of any of the conduct, statements, acts, or omissions alleged, or that could have been alleged, in the Actions. Settling Defendants enter into this Settlement Agreement solely to eliminate the uncertainties, burden, and expense of further litigation. This Settlement Agreement shall in no event be construed as or deemed to be evidence of an admission or concession by Settling Defendants or Lehman with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

2.  Plaintiffs agree not to solicit or encourage any other persons, whether individual or corporate, to commence any proceeding against Releasees or Lehman concerning the Plaintiffs' Released Claims.

3.  The Settling Parties agree that the terms of this Settlement Agreement were negotiated in good faith by the Settling Parties on an arms' length basis, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

4.  This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all of the Settling Parties.

5.  This Settlement Agreement constitutes the entire agreement between Plaintiffs and Settling Defendants, except that the Settling Defendants have entered into a confidential side letter agreement by and among themselves

7

(the "Side Letter") regarding the allocation of the Settlement Amount among the Settling Defendants, and no representations, warranties, or inducements have been made either by any Plaintiff to any Settling Defendant or by any Settling Defendant to any Plaintiff concerning this Settlement Agreement other than the representations, warranties, and covenants contained and memorialized in this Settlement Agreement. It is understood by the Settling Parties that, except for the matters expressly represented herein or in the Side Letter, the facts or law with respect to which this Settlement Agreement is entered into may turn out to be materially other than or different from the facts now known to each Settling Party or believed by such Settling Party to be true; each Settling Party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Settlement Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law.

6.    Without in any way limiting the scope or effect of the Releases in sections II(B)(1), II(B)(2) and II(B)(4), above, and except as set forth in the Side Letter or herein, no Settling Party shall bear the costs, attorneys' fees, or experts' fees incurred by any other Settling Party in connection with the Actions and Settlement.

7.    Each Settling Party represents that it, he or she has the full power and authority to enter into this Settlement Agreement; that, other than the District Court's entry of the Bar Order(s), there are no other persons or entities whose consent to this Settlement Agreement or whose joinder herein is necessary to make fully effective the provisions of this Settlement Agreement; that this Settlement Agreement does not and will not interfere with any other agreement to which it, he or she is a party; and that it, he or she will not enter into any agreement the execution and/or performance of which would violate or interfere with this Settlement Agreement.

8.    The persons executing this Settlement Agreement on behalf of the Settling Parties represents that he or she is authorized and legally empowered to execute this Settlement Agreement on behalf of the Settling Parties.

9.    Regardless of which Settling Party may have drafted this Settlement Agreement or any portion thereof, this Settlement Agreement shall be construed in all respects as jointly drafted and shall not be construed, in any way, against any Settling Party on the ground that the Settling Party or its counsel drafted the Settlement Agreement.

10.    Each Settling Party warrants and represents that, as of the Effective Date(s), he/she/it has not transferred or assigned, and will not transfer or assign, all or any part of the Claims that are released hereby.

11.    A waiver by any Settling Party hereto of a particular right under this Settlement Agreement or of a breach or default in connection with any provision of this Settlement Agreement shall not be deemed to be a waiver of any other right or subsequent default or breach of that same or any other provision of this Settlement Agreement.

12.    All covenants, representations, warranties and agreements made under this Settlement Agreement or pursuant hereto or in connection with the transactions contemplated hereby shall survive the dismissal of the Actions.

8

13. This Settlement Agreement may be signed in counterparts, or duplicate originals, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures may be original or may be provided by facsimile or pdf.

14. Each Settling Party to this Settlement Agreement agrees to perform any further acts and execute and deliver any further documents that may be reasonably necessary to carry out the provisions of this Settlement Agreement.

15. The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement and the Side Letter, and the Settling Parties submit to the jurisdiction of the District Court for purposes of implementing and enforcing this Settlement Agreement and the Side Letter. Such submission to the jurisdiction of the District Court shall not be deemed a waiver of personal jurisdiction defenses for any purpose other than implementation and enforcement of this Settlement Agreement and the Side Letter.

16. This Settlement Agreement and the rights and obligations of the Settling Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without giving effect to any choice of law rules or principles. To the extent permitted by law, any dispute relating to this Agreement and/or the Side Letter and/or their enforcement will first be submitted to Hon. Carl J. West (Ret.) by way of expedited telephonic mediation.

IN WITNESS WHEREOF, each of the Settling Parties have signed or caused to be signed this Settlement Agreement as set forth below.

Cotchett, Pitre & McCarthy LLP

By:_____
   Mark C. Molumphy
   Matthew K. Edling

*Counsel for Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District, City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment Pool, and Zenith Insurance Company*

Allen & Overy LLP                          Petrillo Klein & Boxer LLP

By:_____                By:_____
   Patricia M. Hynes                          Joshua Klein
   Todd S. Fishman                            Guy Petrillo

*Counsel for Defendants Richard S. Fuld, Jr., and Kathleen Fuld*          *Counsel for Defendant Christopher M. O'Meara*

9

13. This Settlement Agreement may be signed in counterparts, or duplicate originals, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures may be original or may be provided by facsimile or pdf.

14. Each Settling Party to this Settlement Agreement agrees to perform any further acts and execute and deliver any further documents that may be reasonably necessary to carry out the provisions of this Settlement Agreement.

15. The District Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement and the Side Letter, and the Settling Parties submit to the jurisdiction of the District Court for purposes of implementing and enforcing this Settlement Agreement and the Side Letter. Such submission to the jurisdiction of the District Court shall not be deemed a waiver of personal jurisdiction defenses for any purpose other than implementation and enforcement of this Settlement Agreement and the Side Letter.

16. This Settlement Agreement and the rights and obligations of the Settling Parties hereunder shall be construed and enforced in accordance with, and governed by, the laws of the State of New York without giving effect to any choice of law rules or principles. To the extent permitted by law, any dispute relating to this Agreement and/or the Side Letter and/or their enforcement will first be submitted to Hon. Carl J. West (Ret.) by way of expedited telephonic mediation.

IN WITNESS WHEREOF, each of the Settling Parties have signed or caused to be signed this Settlement Agreement as set forth below.

Cotchett, Pitre & McCarthy, LLP

By:_____
       Mark C. Molumphy
       Matthew K. Edling

*Counsel for Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District, City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment Pool, and Zenith Insurance Company*

Allen & Overy LLP                          Petrillo Klein & Boxer LLP

By:_____   By:_____
       Patricia M. Hynes                           Joshua Klein
       Todd S. Fishman                             Guy Petrillo

*Counsel for Defendants Richard S. Fuld, Jr.,      Counsel for Defendant Christopher M.
and Kathleen Fuld                                  O'Meara*

9

13.   This Settlement Agreement may be signed in counterparts, or duplicate
      originals, each of which shall be deemed an original, but all of which
      together shall constitute one and the same instrument. Signatures may be
      original or may be provided by facsimile or pdf.

14.   Each Settling Party to this Settlement Agreement agrees to perform any
      further acts and execute and deliver any further documents that may be
      reasonably necessary to carry out the provisions of this Settlement
      Agreement.

15.   The District Court shall retain jurisdiction with respect to implementation
      and enforcement of the terms of this Settlement Agreement and the Side
      Letter, and the Settling Parties submit to the jurisdiction of the District
      Court for purposes of implementing and enforcing this Settlement
      Agreement and the Side Letter. Such submission to the jurisdiction of the
      District Court shall not be deemed a waiver of personal jurisdiction
      defenses for any purpose other than implementation and enforcement of this
      Settlement Agreement and the Side Letter.

16.   This Settlement Agreement and the rights and obligations of the Settling
      Parties hereunder shall be construed and enforced in accordance with, and
      governed by, the laws of the State of New York without giving effect to any
      choice of law rules or principles. To the extent permitted by law, any
      dispute relating to this Agreement and/or the Side Letter and/or their
      enforcement will first be submitted to Hon. Carl J. West (Ret.) by way of
      expedited telephonic mediation.

        IN WITNESS WHEREOF, each of the Settling Parties have signed or caused to be signed
this Settlement Agreement as set forth below.


Cotchett, Pitre & McCarthy, LLP

By:_____
        Mark C. Molumphy
        Matthew K. Edling

*Counsel for Plaintiffs Vallejo Sanitation & Flood Control District, the Monterey County
Investment Pool (through Mary Zeeb, Monterey County Treasurer), Contra Costa Water District,
City of Burbank, City of San Buenaventura, City of Auburn, the San Mateo County Investment
Pool, and Zenith Insurance Company*

Allen & Overy LLP                          Petrillo Klein & Boxer LLP

By:_____        By: _Joshua Klein_  _IDZG_
        Patricia M. Hynes                           Joshua Klein
        Todd S. Fishman                             Guy Petrillo

*Counsel for Defendants Richard S. Fuld, Jr.,      Counsel for Defendant Christopher M.
and Kathleen Fuld*                                 *O'Meara*

                                    9

Cleary Gottlieb Steen & Hamilton LLP

Fried, Frank, Harris, Shriver & Jacobson LLP

By:

By:

    Lewis J. Liman
    Michelle J. Parthum

    Israel David
    Steven M. Witzel

*Counsel for Defendant Ian Lowitt*

*Counsel for Defendant Joseph M. Gregory*

Finn Dixon & Herling LLP

Dechert LLP

By:

By:

    Alfred U. Pavlis
    Richard S. Gora

    Andrew J. Levander
    Kathleen N. Massey
    Adam J. Wasserman

*Counsel for Defendant Erin Callan*

*Counsel for Defendants John F. Akers, Roger S.
Berlind, Marsha Johnson Evans, Roland A.
Hernandez, and Henry Kaufman*

10

Cleary Gottlieb Steen & Hamilton LLP

By:_____
             Lewis J. Liman
             Michelle J. Parthum

*Counsel for Defendant Ian Lowitt*


Fried, Frank, Harris, Shriver & Jacobson LLP

By:_____
             Israel David
             Steven M. Witzel

*Counsel for Defendant Joseph M. Gregory*


Finn Dixon & Herling LLP

By:_____
             Alfred U. Pavlis
             Richard S. Gora

*Counsel for Defendant Erin Callan*


Dechert LLP

By:_____
             Andrew J. Levander
             Kathleen N. Massey
             Adam J. Wasserman

*Counsel for Defendants John F. Akers, Roger S. Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman*

10

Cleary Gottlieb Steen & Hamilton LLP

By:_____

  Lewis J. Liman
  Michelle J. Parthum

*Counsel for Defendant Ian Lowitt*


Fried, Frank, Harris, Shriver & Jacobson LLP

By: _____

  Israel David
  Steven M. Witzel

*Counsel for Defendant Joseph M. Gregory*


Finn Dixon & Herling LLP

By:_____

  Alfred U. Pavlis
  Richard S. Gora

*Counsel for Defendant Erin Callan*


Dechert LLP

By:_____

  Andrew J. Levander
  Kathleen N. Massey
  Adam J. Wasserman

*Counsel for Defendants John F. Akers, Roger S.
Berlind, Marsha Johnson Evans, Roland A.
Hernandez, and Henry Kaufman*

10

Cleary Gottlieb Steen & Hamilton LLP

By:_____
        Lewis J. Liman
        Michelle J. Parthum

*Counsel for Defendant Ian Lowitt*


Fried, Frank, Harris, Shriver & Jacobson LLP

By: _____
        Israel David
        Steven M. Witzel

*Counsel for Defendant Joseph M. Gregory*


Finn Dixon & Herling LLP

By:_____
        Alfred U. Pavlis
        Richard S. Gora

*Counsel for Defendant Erin Callan*


Dechert LLP

By: _____
        Andrew J. Levander
        Kathleen N. Massey
        Adam J. Wasserman

*Counsel for Defendants John F. Akers, Roger S.*
*Berlind, Marsha Johnson Evans, Roland A.*
*Hernandez, and Henry Kaufman*

10

## EXHIBIT A

**Plaintiffs' Draft Press Release to be attached to the Settlement Agreement**

"The San Mateo County Investment Pool, Monterey County Investment Pool, the cities of Burbank, San Buenaventura and Auburn, the Contra Costa Water District, Vallejo Sanitation and Flood Control District and Zenith Insurance Company have reached an agreement to settle their pending litigation against certain former officers and/or directors of Lehman Brothers, Richard Fuld, Christopher M. O'Meara, Joseph M. Gregory, Erin Callan, Ian Lowitt, John F. Akers, Roger S. Berlind, Marsha Johnson Evans, Roland A. Hernandez, and Henry Kaufman. The Lehman individual defendants will pay $9.75 million in return for a mutual release of all claims, and as part of the agreement deny any allegations of wrongdoing. Claims against Lehman's former auditor, Ernst & Young, remain pending in the action."